UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PURE FISHING, INC. AND PENN FISHING TACKLE MFG. CO. <br><br> Plaintiff, <br><br> v. <br><br> SHARK RIVER TACKLE LLC <br><br> Defendant. | Case No.: _____ <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Pure Fishing, Inc. ("PF") and Penn Fishing Tackle Mfg. Co. d/b/a PENN ("PENN" and collectively with PF, "Plaintiff") by and through its undersigned counsel, complains of defendant Shark River Tackle LLC d/b/a Amazon seller Shark River Mail Order's ("Defendant") conduct and alleges upon information and belief as follows:

**NATURE OF THE ACTION**

1. Plaintiff seeks injunctive relief and monetary damages for Defendant's false advertising, false designation of origin under the Lanham Act, 15 U.S.C. § 1051, *et seq*., and violations of state law arising from Defendant's wrongful and infringing promotion and sale of Plaintiff's products through online commerce sites including but not limited to, Amazon.com and its own website www.2srmo.com.

2. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Plaintiff. As a result of Defendant's actions, Plaintiff is suffering a loss of the enormous goodwill that Plaintiff has created in its trademarks and is losing profits from lost sales of products.

1

3. This action seeks permanent injunctive relief and damages for Defendant's infringement of Plaintiff's intellectual property rights.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

5. This Court has personal jurisdiction over the Defendant because, on information and belief, Defendant has misrepresented the nature of products to residents of the Commonwealth of Pennsylvania and this District; because Defendant has caused injury to PENN's trademarks in the Commonwealth of Pennsylvania and this District; because Defendant practices the unlawful conduct complained of herein, in part, within the Commonwealth of Pennsylvania and this District; because Defendant regularly conducts or solicits business within the Commonwealth of Pennsylvania and this District; because Defendant regularly and systematically directs electronic activity into the Commonwealth of Pennsylvania and this District with the manifest intent of engaging in business within the Commonwealth of Pennsylvania and this District, including the sale and/or offer for sale of products to Internet users within the Commonwealth of Pennsylvania and this District.

6. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

**PARTIES**

7. Plaintiff Pure Fishing, Inc. is an Iowa corporation with it principal place of business in Columbia, South Carolina. Pure Fishing, Inc. is the affiliate company of PENN and a prominent company in the fishing industry, known for being one of the world's largest manufacturers of

fishing tackle. Pure Fishing, Inc. produces a wide array of fishing-related products, including approximately 30,000 different types of bait, fishing lures, rods, reels, and lines. Pure Fishing, Inc. has operations in about 20 countries and offers direct sales and merchandising.

8. Plaintiff Penn Fishing Tackle Mfg. Co. d/b/a PENN is a Pennsylvania corporation with its principal place of business in Spirit Lake, Iowa. PENN is an innovative fishing company that produces fishing tackle, lures, rods, reels, and storge for consumers (the "PENN Products"). PENN is committed to supporting consumers in every stage of their fishing journey with innovative products that help them catch more fish and enjoy their time on the water.

9. Defendant Shark River Tackle LLC is a New Jersey limited liability company located in Neptune, New Jersey. Upon information and belief, Shark River Tackle LLC's address is 1301 Highway 35 S., Neptune, NJ 07753. Defendant Shark River Tackle LLC is connected to the Amazon Seller Account "Shark River Mail Order," which has been assigned Amazon user ID A1AUBHH23J4HKO. Defendant sells its wares, including the PENN Products, to customers throughout the United States including, but not limited to, customers in Pennsylvania and California.

## FACTS

**A.      Plaintiff's Trademark Usage**

10. The U.S. Patent and Trademark Office ("USPTO") has issued Reg. No. 674,119 and 1,009,216 for use of the PENN mark on, *inter alia*, "fishing reels," and "fishing rods and fishing line" (hereinafter, the "PENN Marks").

11. The PENN Marks have been in continuous use since at least 1996. Said registrations are in full force and effect, and the PENN Marks are incontestable pursuant to 15 U.S.C. § 1065.

12. Plaintiff advertises, distributes, and sells its products to consumers under the PENN Marks.

13. Plaintiff has also acquired common law rights in the use of the PENN Marks throughout the United States.

14. Plaintiff's federal trademark registrations were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of Plaintiff's exclusive ownership of the PENN Marks.

15. Plaintiff has invested significant time, money, and effort in advertising, promoting, and developing the PENN Marks throughout the United States and the world. As a result of such actions, Plaintiff has established substantial goodwill and widespread recognition in its PENN Marks, and the Marks have become associated exclusively with Plaintiff and its products by both customers and potential customers, as well as the general public at large.

16. To create and maintain such goodwill among its customers, PENN has taken substantial steps to ensure that products bearing the PENN Marks are of the highest quality. As a result, the PENN Marks have become widely known and are recognized throughout the United States and the world as a symbol of high quality products.

B. **Plaintiff's Authorized Dealer Network**

17. Another critical investment that Plaintiff has made to ensure that the PENN Products are of the highest quality is the development of a nationwide network of authorized dealers ("Authorized Dealers" and the "Authorized Dealer Network").

18. As a prerequisite to becoming part of the carefully selected Authorized Dealer Network, Plaintiff requires that each of its Authorized Dealers apply for, be approved by Plaintiff, and execute an Authorized Dealer Agreement (the "Authorized Dealer Agreement.").

19. Authorized Dealers must be able to communicate PENN's unique technology and performance and usability benefits to consumers and be able to adequately service customers purchasing and/or attempting to purchase PENN Products.

20. Moreover, Authorized Dealers must abide by Plaintiff's high quality control standards to ensure that products are maintained and when delivered are free of any defects.

**C.    Defendant's Infringing and Improper Conduct**

21. Defendant has sold and is currently selling products bearing the PENN Marks on several online retail platforms.

22. Defendant is an unauthorized dealer of Plaintiff.

23. Plaintiff has never authorized or otherwise granted Defendant permission to sell PENN Products.

24. Despite this, Defendant has sold and is currently selling products bearing the PENN Marks to consumers on various online commerce sites, including, but not limited to, Amazon.com and 2srmo.com.

25. Defendant represents that the PENN Products it offers for sale on Amazon.com and 2srmo.com are "new" despite the fact that they are used, closed-out, liquidated, counterfeit, and/or non-genuine product of unknown origin.

26. The below is an example of Defendant's product listing on Amazon.com:





27. Defendant is clearly advertising the PENN Fathom II Star Drag Reel – FTHII40SDP as "new" on Amazon.com, despite advertising the exact same product as "Close Out" on 2srmo.com[1], as shown below:

---

[1] https://2srmo.com/products/p904107?_pos=9&_sid=bcbe3c895&_ss=r

6



28.     When consumers purchase products bearing the PENN Marks from Defendant on Amazon.com, they believe that they are receiving "new" PENN Products. Instead, they receive used, closed-out, liquidated, counterfeit, and/or non-genuine PENN product of unknown origin.

29.     Defendant is intentionally advertising and selling products bearing the PENN Marks in ways that are likely to deceive consumers and create consumer confusion.

30.     For example, Defendant uses the following images and trademarks to promote and sell the used, closed-out, liquidated, counterfeit, and/or non-genuine PENN product of unknown origin on its website 2srmo.com[2]:



---

[2] https://2srmo.com/products/p009253?_pos=5&_sid=bcbe3c895&_ss=r

31. Plaintiff has never authorized Defendant to use the PENN Marks or its intellectual property.

32. Because Defendant purchases PENN Products from return and liquidation stock, it is unaware of the condition or the prior chain of custody of the PENN Products it sells. Therefore, all PENN Products sold by Defendant are non-genuine products.

33. Defendant's advertisement of PENN Products and use of the PENN Marks provides customers with a false assurance that the products they purchase from Defendant conform with Plaintiff's high standards and work as intended, when in fact they are receiving non-genuine PENN Products.

34. In addition to harm to consumers, the sale of non-genuine PENN Products directly harms Plaintiff. When consumers purchase PENN Products from Defendant, they expect that the products they receive are new and in proper working order. Instead, their image of Plaintiff is diminished because they receive liquidated, used, or non-genuine product of unknown origin. Plaintiff's opportunity to sell genuine, high-quality products to those consumers may be lost forever. As a result of Defendant's conduct, Plaintiff suffers substantial and irreparable harm to its brand, image, business, and goodwill with the public.

35. Offering PENN Products as "new" despite the fact that they are used, closed-out, liquidated, counterfeit, and/or non-genuine product of unknown origin results in poor brand experiences such as the above.

36. Defendant's conduct results in consumer confusion, the dilution of Plaintiff's goodwill and trade name, as well as lost sales and profits of actual "new" PENN Products.

**C.      The Likelihood of Confusion and Injury Caused by Defendant's Actions**

37.     Defendant's actions substantially harm Plaintiff by placing infringing, falsely advertised PENN Products into the stream of commerce in the United States through Amazon.com and 2srmo.com.

38.     Defendant's advertisement and sale of non-genuine products bearing the PENN Marks has caused – and is likely to continue causing – consumer confusion by representing to consumers that the PENN Products offered for sale by Defendant are "new" when they are not.

39.     Defendant's advertisement and sale of non-genuine products bearing the PENN Marks has caused – and is likely to continue causing – consumer confusion and disappointment regarding Plaintiff's sponsorship or approval of those products, creating a false designation of origin in the minds of consumers.

40.     Defendant's actions substantially harm Plaintiff's goodwill and reputation when consumers learn that the products bearing the PENN Marks they have purchased from Defendant are not as advertised and from a far less reputable reseller than it appeared.

41.     Defendant's conduct results in consumer confusion, as well as the dilution of Plaintiff's goodwill and trade name, as consumers are not receiving the products they believe they are purchasing.

42.     Defendant's conduct as described herein results in the lessening of sales of genuine, properly advertised PENN Products to the detriment of Plaintiff.

43.     As a result of Defendant's actions, Plaintiff is suffering a loss of the enormous goodwill it created in the PENN Marks.

44.     Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable harm.

## COUNT I
### (Trademark Infringement in Violation of 15 U.S.C. § 1114)

45. Plaintiff hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46. This is a claim for federal trademark infringement under 15 U.S.C. § 1114.

47. The acts of Defendant alleged herein constitute the use in commerce, without the consent of Plaintiff, of a reproduction, counterfeit, copy, or colorable imitation of the PENN Mark in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers, and therefore infringe Plaintiff's rights in the PENN Marks, all in violation of the Lanham Act.

48. Defendant's infringing activities are likely to cause, are actually causing, and are willful and intended to cause, confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products, and constitute trademark infringement under 15 U.S.C. § 1114.

49. Defendant's use of the PENN Marks in the advertisement or sale of PENN Products demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with the PENN Marks, thereby causing immediate, substantial, and irreparable injury to Plaintiff.

50. As a direct and proximate result of Defendant's actions, Plaintiff has been, and continues to be, damaged by Defendant's activities and conduct.

51. Defendant has profited thereby, and, unless their conduct is enjoined, Plaintiff's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II
### (False Designation of Origin in Violation of 15 U.S.C. § 1125(a))

52. Plaintiff hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53. This is a claim for false designation of origin under 15 U.S.C. § 1125(a).

54. Plaintiff engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the PENN Marks, throughout the United States.

55. The PENN Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing Plaintiff's products and services.

56. By selling or distributing products using the PENN Marks that are different from those sold by Plaintiff as alleged herein, Defendant is engaging in unfair competition, falsely designating the origin of its goods and services, and/or falsely representing sponsorship by, affiliation with, or connection to Plaintiff and its goods and services in violation of 15 U.S.C. § 1125(a).

57. By advertising or promoting products using the PENN Marks that are different from those sold by Plaintiff as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

58. Defendant's continued use of the PENN Marks constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125(a)(1)(A).

59. Defendant has used, and continues to use, the PENN Marks to sell products that are different from those sold by Plaintiff in the United States, thereby creating a false designation of origin in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless

enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to Plaintiff's goodwill and reputation as symbolized by the PENN Marks, for which Plaintiff has no adequate remedy at law.

60. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the PENN Marks, thereby causing immediate, substantial, and irreparable injury to Plaintiff.

61. By selling and advertising products under the PENN Marks that are different from those sold by Plaintiff, Defendant is using the PENN Marks in connection with the sale, offering for sale, distribution, and/or advertising of goods and services to the public, without Plaintiff's consent.  Defendant is falsely designating the origin of its goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, Plaintiff and its goods and services in violation of 15 U.S.C. 1125(a).  Accordingly, Plaintiff is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

62. As a direct and proximate result of Defendant's actions, Plaintiff has been, and continues to be, damaged by Defendant's activities and conduct.  Defendant has profited thereby, and unless their conduct is enjoined, Plaintiff's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.  Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III
**(False Advertising in Violation of 15 U.S.C. § 1125(a))**

63. Plaintiff hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

64. Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products. These advertisements contain actual misstatements and/or misleading statements, including the authenticity, origin, and condition of these products and/or the positivity or feedback rating of its storefront. These false statements actually deceive, or have a tendency to deceive, a substantial segment of Plaintiff's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Plaintiff's customers.

65. Defendant's false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

66. Defendant, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to Plaintiff for which there is no adequate remedy at law. As such, Plaintiff is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with it, from engaging in further acts of false advertising, and ordering removal of all Defendant's false advertisements.

67. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the PENN Marks, thereby causing immediate, substantial, and irreparable injury to Plaintiff.

68. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's acts in violation of Section 43 of the Lanham Act.

69. Pursuant to 15 U.S.C. § 1117, Plaintiff is also entitled to recover from Defendant the gains, profits, and advantages that they have obtained as a result of its unlawful acts. Plaintiff

is presently unable to ascertain the full amount of the gains, profits, and advantages Defendant has obtained by reason of its unlawful acts.

70. Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover the costs of this action. Moreover, Plaintiff is informed and believes that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees.

**COUNT IV**
**(Violations of Pennsylvania Unfair Trade Practices and**
**Consumer Protection Law 73 P.S. § 201-1, *et. seq.*)**

71. Plaintiff hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

72. Defendant's conduct constitutes unfair deceptive business acts or practices under Pennsylvania's Unfair Trade Practices and Consumer Protection Laws, 73 P.S. § 201-1, *et seq.* ("UTPCPL")

73. The UTPCPL prohibits any unlawful, unfair, or fraudulent business act or practice.

74. Defendant's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or fraudulent business acts and practices within the meaning of the UTPCPL.

75. Defendant's misconduct has a tendency and likelihood to deceive members of the public.

76. The foregoing acts and practices have caused substantial harm to Plaintiff.

77. As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of Defendant, Plaintiff has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

78. Defendant's conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving Plaintiff of property and/or legal rights or otherwise causing injury.

### COUNT IV
### (Violations of California Business and Professions Code § 17200 et seq.)

79. Plaintiff hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

80. The California Unfair Competition Law, codified at Business and Professions Code sections 17200, *et seq.*, prohibits any unlawful, unfair, or fraudulent business act or practice.

81. Defendant's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or fraudulent business acts and practices within the meaning of California Business & Professions Code §§ 17200, *et seq.*

82. Defendant's misconduct has a tendency and likelihood to deceive members of the public.

83. The foregoing acts and practices have caused substantial harm to Plaintiff.

84. As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of Defendant, Plaintiff has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

85. Defendant's conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving Plaintiff of property and/or legal rights or otherwise causing injury. Defendant's conduct subjected Plaintiff to unjust hardship in conscious disregard of the Plaintiff's rights, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling

Plaintiff to an award of exemplary and punitive damages in an amount appropriate to punish or set an example of Defendant.

## RELIEF REQUESTED

**WHEREFORE**, Pure Fishing, Inc. and Penn Fishing Tackle Mfg. Co. pray for judgment in its favor and against Defendant providing the following relief:

1. Finding that, (i) as to Count I, Defendant's unauthorized sale of PENN Products infringes on Plaintiff's registered trademark, in violation of 15 U.S.C. § 1114; (ii) as to Count II, Defendant's unauthorized sale of PENN Products constitutes a false designation of origin, in violation of 15 U.S.C. § 1125(a); (iii) as to Count III, Defendant's false advertisement of PENN Products constitutes false advertising, in violation of 15 U.S.C. § 1125(a); and (iv) as to Count IV and Count V, Defendant's actions constitute a violation of Pennsylvania and California law, resulting in Defendant, its officers, agents, servants, employees, attorneys, and any other persons or entities acting in concert or participation with Defendant, including but not limited to any online platform such as Amazon.com or any other website, website host, website administrator, domain registrar, or internet service provider, being preliminarily and permanently enjoined from:

    a. Using or attempting to use, any of Plaintiff's intellectual property, including, but not limited to, the PENN Marks;

    b. Advertising, selling, or taking any steps to sell, any products bearing the PENN Marks in an improper manner;

    c. Engaging in any activity constituting unfair competition with Plaintiff; and

    d. Inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above;

2. Award Plaintiff its damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117, Pennsylvania Unfair Trade Practices and Consumer Protection Law and/or California Business and Professions Code § 17200 *et seq*.;

3. Award Plaintiff Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to Pennsylvania Unfair Trade Practices and Consumer Protection Law and California Business and Professions Code § 17200 *et seq*.;

4. Award Plaintiff statutory damages of $2,000,000.00 per mark pursuant to 15 U.S.C. § 1117(c);

5. Award Plaintiff exemplary and punitive damages in an appropriate amount;

6. Enter judgment that Defendant's acts of infringement have been knowing and willful;

7. Award Plaintiff its reasonable attorneys' fees in bringing this action as allowed by law;

8. Award Plaintiff pre-judgment and post-judgment interest in the maximum amount allowed under the law;

9. Award Plaintiff the costs incurred in bringing this action; and

10. Award Plaintiff such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pure Fishing, Inc. and Penn Fishing Tackle Mfg. Co. hereby request a trial by jury on all causes of action so triable.

Dated: October 25, 2024

Respectfully submitted,

 */s/ Thomas R. DeCesar*
Thomas R. DeCesar (Pa. ID 309651)
K&L Gates LLP
17 North Second Street, 18th Floor
Harrisburg, PA 17101
Telephone: (717) 231-4500
thomas.decesar@klgates.com

and

Morgan T. Nickerson
*(pro hac vice forthcoming)*
K&L Gates LLP
1 Congress Street
Suite 2900
Boston, Massachusetts 02114
Telephone: (617) 261-3134
morgan.nickerson@klgates.com